HEBER DOWNS, by next friend, Appellant, v. HAMMOND PACKING COMPANY, Respondent.

Kansas City Court of Appeals, January 6, 1908.

APPELLATE PRACTICE: Record Proper: Bill of Exceptions: Motions. The filing of the bill of exceptions and the affidavit for appeal and the granting of the appeal must be shown by the record proper and not merely by the bill of exceptions.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

APPEAL DISMISSED.

*W. B. Pistole* and *W. K. Amick,* for appellant, filed brief on merits.

*Vinton Pike* for respondent.

(1) But plaintiff has not preserved or made a case for review in this court. Porter v. Railroad, 60 Mo. 160.

ELLISON, J.—This action was brought to recover damages for personal injuries alleged to have been received by plaintiff through the negligence of defendant's servants. At the close of the evidence in plaintiff's behalf the trial court sustained a demurrer thereto, whereupon plaintiff took a non-suit with leave. Afterwards, as shown by the bill of exceptions, the motion to set aside the non-suit and grant a new trial was overruled and plaintiff appealed.

The record proper, as shown by the abstract, only contains the appointment of a next friend and the pleadings in the cause. The record proper does not show that any motion to set aside the non-suit and grant a new

trial was ever filed. Nor does it show that a bill of exceptions was filed, or that a judgment was rendered, or that an affidavit for appeal was made, or that an appeal was granted. These things are shown in the bill of exceptions. But they are not matters of exception and are not proven by a statement in the bill. They should have been made to appear in the record proper. This has been ruled so frequently and uniformly by the Supreme Court and each of the Courts of Appeal that it is not necessary to do more than to state the defects. The appeal will be dismissed. All concur.